UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WOODROW MILLER, III, <br><br> Petitioner, <br><br> v. <br><br> GOVERNOR OF NEW JERSEY, et al., <br><br> Respondents. | Civil Action No. 17-0459 (FLW) <br><br><br> MEMORANDUM AND ORDER |

*Pro se* Petitioner Woodrow Miller, III, a prisoner confined at New Jersey State Prison, seeks to bring a habeas petition challenging his state court conviction pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014). The Court will therefore administratively terminate this case at this time, and instruct the Clerk of the Court to send Petitioner the correct form. Petitioner also failed to either submit the $5.00 filing fee or an application to proceed *in forma pauperis*. If he wishes to proceed with this action, Petitioner shall submit his signed Petition on the proper form within 30 days of his receipt of this Court's Order, and shall submit either the filing fee or a complete application to proceed *in forma pauperis*.

THEREFORE, it is on this 6th day of April, 2017;

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the petition or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3d Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward to Petitioner a blank habeas petition form – AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that the Clerk of the Court shall also forward to Petitioner the form to be used by a Petitioner seeking to proceed *in forma pauperis* in a habeas case – DNJ-Pro Se-007-B- (Rev. 09/09); and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within 30 days of the date of his receipt of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on

the appropriate form and either the filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge